469 So.2d 1204 (1985)
STATE of Louisiana
v.
Shawn G. WALTON.
No. KA 3521.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1985.
*1205 Ralph L. Barnett, Gretna, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia E. Black, Asst. Dist. Atty., New Orleans, for defendant-appellee.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
SCHOTT, Judge.
This case has come before us on defendant's motion to appeal the trial court's denial of his motion to recuse the trial judge. Before reaching the merits of the appeal, however, we question whether our appellate jurisdiction extends to the trial court's denial of a motion by a defendant to recuse the trial judge.
LSA-C.Cr.P. Art. 684 provides that the defendant may not appeal prior to sentencing from a ruling recusing or refusing to recuse the trial judge. This mandates a dismissal of the appeal without further comment. However, the complete record is before us and defendant's appellate brief has been filed. Furthermore, Art. 684 specifically grants the state the right to apply for supervisory writs in the event the trial judge is recused over the state's objection or the state's motion to recuse the trial judge is denied. Comment (a) to this Article explains this is so because of the possibility of long delays with incarceration of a defendant who can not make bail between the time an appeal is granted and the time the recusation issue is decided by the appellate court. Because the same reasoning supports the right of a defendant to apply for supervisory writs from an adverse ruling on his motion to recuse we have resolved to treat his appeal and appellate brief as an application for supervisory writs.
Defendant was charged with possession of marijuana in violation of RS 40:966 along with co-defendant Darryl Butler. The latter pled guilty pursuant to RS 40:983 and in testifying at that hearing Butler stated that the marijuana in the console of the automobile where he and Walton (the present defendant) were apprehended belonged to him (Butler) and Walton had nothing to do with it. Butler said Walton never smoked it, and, in fact, neither one of them has smoked it in the car. The trial judge asked Butler, "How come the police said they had a strong smell of marijuana coming from inside the vehicle?" To which Butler replied he had no idea.
After the testimony the trial judge (Judge Wimberly) remarked that Butler "has a lot of courage, because I don't believe him, I tell you that much." After some colloquy with defense counsel the judge stated, "I don't believe him. I can't do anything about it, but I don't believe him; a long time for a buddy, ten years."
On the basis of these statements counsel moved to recuse the trial judge because Butler would be a witness in Walton's behalf and the judge had already determined he was not credible. The motion was heard by another judge of the court and denied.
In the recusation hearing before the second judge (Judge Oser), Judge Wimberly acknowledged that he made the foregoing statements at the earlier hearing and the following colloquy occurred:

EXAMINATION BY MR. BARNETT:
Q. Prior to the trial of Shawn Walton then, if it is set in your Court as a misdemeanor, which is a trial only by the Judge, you have predisposed yourself into committing on the *1206 record that you don't believe the co-defendant who will be our witness, both for the Motion to Suppress as well as on the trial of the matter. Is that not a fair statement?
A. No, it's not a fair statement. What I said at the time was that I did not believe the co-defendant Butler's testimony at that time. I may believe it at the trial. If there is a trial of Shawn Walton I may believe it, but at that time I did not believe that particular testimony, no.
Q. What you're saying then, if the testimony remains exactly the same you may believe that testimony a second time?
A. I don't know. I have no way of knowing until I observe the witness and his demeanor and what he says and how he says it. He may say something entirely different. I don't know this at this time and you don't know it either.
Q. I know, Your Honor, I heard him state this from the witness stand, and you stated, "I do not believe him." It's a simple statement.
A. Mr. Barnett, if the case goes to trial with your client, it's a different ball game. You can't make a judgment based on something that happened in the past. If you're asking me whether that incident biased me against your client, my answer is no, it did not. My mind is completely open for anything that you care to present, if there is a trial.
Q. But you're aware that a Motion to Suppress has been filed and the co-defendant Butler will testify?
A. Yes.
Q. You've committed yourself
A. No, I don't know he's going to testify.
Q. Assuming that he testified, you've already called him, by way of a note of evidence, a perjure
A. I haven't called anybody a perjure.
BY MR. MC ELROY:
I don't believe that the Judge has ever intimated that the witness was a perjure.
BY MR. BARNETT:
I'll withdraw that.

EXAMINATION BY MR. BARNETT:
Q. You stated that you did not believe him at that time. You stated on two occasions that you didn't believe his testimony.
A. That's right.
Q. And you're now
A. Because he was obviously biased. Now, his bias may not show at some future testimony. I don't know. But it showed loud and clear on that day.
Q. You're familiar with the police report?
A. I read the police report, yes, sir, but I don't have any present recollection of it. I don't carry it around in my mind.
The trial judge is presumed to be impartial. For a defendant to be entitled to the recusation of a trial judge on the grounds of bias or prejudice such must be of a substantial nature based on more than mere conclusory allegations. State v. Edwards, 420 So.2d 663 (La.1982). In the instant case defendant failed to rebut this presumption of impartiality. Judge Wimberly denied he was biased or prejudiced against the defendant and stated his mind was "completely open" to whatever he would present. The judge hearing the motion was satisfied that Judge Wimberly was being sincere when he denied the motion. There is no basis for us to reverse this ruling.
Accordingly, we refuse to exercise our supervisory jurisdiction as to the trial court's denial of defendant's motion to recuse the trial judge.
Appeal Considered as Application For Writs.
WRITS REFUSED.